IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID FRED FISHER, | ) | No. C 08-1635 CW (PR) |
| Petitioner, | ) ) | |
| v. | ) ) | ORDER DISMISSING PETITION WITH LEAVE TO AMEND |
| STEVEN CAMBRA, | ) ) | |
| Respondent. | ) ) | |

Petitioner David Fred Fisher filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he presumably challenges the validity of his 1994 state conviction for performing a "forcible lewd act on a child under 14." (Pet. at 10.) Petitioner has paid the requisite filing fee.

Although Petitioner used the Court's habeas form, it contains no information whatsoever beyond an allegation that the "policeman" imposed a sentence upon him. (Id. at 2.) Petitioner claims he was charged with (and perhaps convicted of) two counts of Cal. Pen. Code § 288 (lewd act with a child under fourteen involving force), two counts of Cal. Pen. Code § 270 (child neglect) and "continuous sexual abuse." (Pet. at 10.) The facts relating to his constitutional claims are unintelligible. For example, he states, "I can't be that make up, that's a resume, continuous sexual abuse on a child, you can't be that make, run over." (Id.) Petitioner also references the "Twelfth Amendment" to the United States Constitution. (Id. at 11.) Therefore, it is impossible to ascertain from the petition what claims Petitioner seeks to bring in federal court, much less how he exhausted any of them in the state courts.

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see Rose v. Hodges, 423 U.S. 19, 21 (1975). Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).

The Court finds the present petition deficient and contrary to federal rules which require that averments "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Illogical, confusing petitions such as the one Petitioner filed in this case impose unfair burdens on litigants and judges and fail to perform the essential functions of a petition. Cf. McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (dismissing fifty-three page complaint that (1) failed to specify which defendants were liable on which of the claims and (2) delineated the claims in "122 paragraphs of confusing factual allegations and then merely [made] perfunctory reference to a legal claim said to arise from these undifferentiated facts"). Accordingly, the petition is DISMISSED with leave to amend to correct the deficiencies outlined above.

2

CONCLUSION

For the foregoing reasons, the petition is DISMISSED WITH LEAVE TO AMEND. Within thirty (30) days of the date of this Order, Petitioner may file an amended petition as directed above. He should submit the amended petition using the attached blank habeas petition form, clearly label the petition an "Amended Petition," and write in the case number for this action -- Case no. C 08-1635 CW (PR) -- on the form. He must fill in all of the blanks on the form. If Petitioner fails to file an amended petition within the thirty-day period, this action will be dismissed with prejudice.

The Clerk of the Court shall send Petitioner a blank § 2254 habeas petition form.

IT IS SO ORDERED.

DATED: 10/20/08

_____
CLAUDIA WILKEN
United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DAVID F. FISHER,

    Plaintiff,

 v.

STEVE CAMBRA et al,

    Defendant.

Case Number: CV08-01635 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 20, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Fred Fisher      w/blank § 2254 habeas petition form
1512 166th Avenue
San Leandro, CA 94578

Dated: October 20, 2008

           Richard W. Wieking, Clerk
           By: Sheilah Cahill, Deputy Clerk